**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**Case No. 1:25-cv-13784-JEK**

KIERSTEN KESEL,
individually and on behalf of all
others similarly situated,

Plaintiff,

v.

LIBERTY MUTUAL INSURANCE
COMPANY,

Defendant.
_______________________________________/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

# FIRST AMENDED CLASS ACTION COMPLAINT[1]

Plaintiff Kiersten Kesel brings this class action against Defendant Liberty Mutual Insurance Company, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2. In violation of the TCPA, Defendant engages in unsolicited robocalling to promote its products and services.

3. Through this action, Plaintiff seeks injunctive relief and statutory damages to put an end to Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in

[1] Amended as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).

a realm that is private and personal to Plaintiff and the Class members.

**PARTIES**

4. Plaintiff is a natural person and a called party under the TCPA.

5. Defendant is, and at all times relevant hereto was, a Massachusetts company with its principal place of business in Massachusetts.

**JURISDICTION AND VENUE**

6. This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331.

7. Defendant is subject to personal jurisdiction in Massachusetts because this suit arises out of and relates to Defendant's contacts with this state. Defendant initiated and directed telemarketing and/or advertising robocalls from Massachusetts. Specifically, Defendant initiated and directed the transmission of unsolicited robocalls to Plaintiff's cellular telephone number to sell goods, services or products from Massachusetts.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**FACTS**

9. Defendant engages in intrusive telemarketing to increase its revenue and gain an edge on its competitors.

10. Defendant harassed Plaintiff and members of the Class with prerecorded robocalls, the purpose of which was to promote and advertise the commercial availability of Defendant's goods and services.

11. Specifically, on or about October 18, 2025, October 19, 2025, October 20, 2025 and October 22, 2025, Defendant sent the following unsolicited and unconsented to prerecorded voice

calls to Plaintiff's cellular telephone number ending in 7613 ("7613 Number"):




12. Upon listening to the messages, Plaintiff was easily able to determine that it was prerecorded or artificial voice and not a live person speaking.

13. The purpose of Defendant's call was to solicit the sale of consumer goods and/or services.

14. Plaintiff is the regular user of the cellular telephone number (ending in 7613) that received the above telephonic prerecorded sales calls and has been registered on the National Do

Not Call Registry since February 6, 2020.

15. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all robocalls sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

16. Plaintiff never provided Defendant with express consent authorizing Defendant to transmit prerecorded sales or marketing calls to Plaintiff's cellular telephone number.

17. Defendant's telephonic sales calls caused Plaintiff and the Class members harm, including liquidated actual damages, inconvenience, invasion of privacy, intrusion upon seclusion, aggravation, annoyance, and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

### PROPOSED CLASS

18. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23. The Class that Plaintiff seeks to represent is defined as:

> **TCPA Robocall Class:** All persons in the United States who, from four years prior to the filing of this action through the date of class certification, (1) Defendant called (2) using a prerecorded voice message, (3) regarding its goods and/or services, and (4) for whom Defendant (a) claims it obtained consent in the same manner as Defendant claims it obtained prior consent to call Plaintiff, if any, or (b) does not claim it obtained prior consent.

19. Defendant and its employees or agents are excluded from the Class.

### NUMEROSITY

20. Upon information and belief, Defendant has placed prerecorded telephonic sales

calls to telephone numbers belonging to at least 50 persons. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

21. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

22. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

(a) Whether Defendant initiated prerecorded calls to Plaintiff and the Class members;

(b) Whether Defendant can meet its burden of showing that it had consent to make such calls;

(c) Whether Defendant is liable for damages, and the amount of such damages;

(d) Whether Defendant violated the TCPA.

23. The common questions in this case are capable of having common answers. Plaintiff and the Class members have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

24. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

25. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate

representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

26. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

27. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(b) AND 47 C.F.R. § 64.1200**
(On Behalf of Plaintiff and the TCPA Robocall Class)

28. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 27 as if fully set forth herein.

29. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

30. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

31. Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

32. Defendant used prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and other members of the Class.

33. Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

34. Defendant did not have prior express written consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

35. Defendant has, therefore, violated § (b)(1)(A)(iii) and § 64.1200(a)(1)(iii) and (a)(2) by using prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the putative Class.

36. As a result of Defendant's conduct and pursuant to § 227(b) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of liquidated actual damages of $500 per call for Plaintiff and each member of the Class as applicable under the TCPA;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class;

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

DATED: January 26, 2026

**CHARLESTOWN LAW GROUP**

/s/ *Jason R. Campbell*
Jason Campbell
CHARLESTOWN LAW GROUP
The Schrafft's Center Power House
529 Main Street, Suite P200
Charlestown, MA 02129
Phone: (617) 872-8652
Email: jasonrcampbell@ymail.com

By: */s/ Manuel Hiraldo*
**HIRALDO P.A.**
Manuel S. Hiraldo
Florida Bar No. 030380
101 NE 3rd Avenue, Suite 1500
Ft. Lauderdale, Massachusetts 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
**Pro Hac Vice Forthcoming**
*Attorneys for Plaintiff*